IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH RUSSELL JUDD,
FOR PRESIDENT OF THE USA,

      Plaintiff,

v.                                                                              CIV 02-1441 WJ/KBM

SOCIAL SECURITY ADMINISTRATION,
et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

In January 1998, in another case where Plaintiff challenged a denial of benefits, this court remanded the matter to the Social Security Administration per the stipulation of the parties. *See Judd v. Chater,* CIV 97-111 SC (docket entries 26 and 27). After the proceedings were remanded, Plaintiff was arrested and remains incarcerated to this day. He was denied benefits due to his incarceration, but he does not tell us precisely when that occurred. Presumably the denial occurred around the time he was incarcerated, sometime in 1998.

On November 8, 2002 he filed the instant action *pro se,* challenging the decision to deny benefits due to his incarceration. He wants to prove to the Administration that his conviction is not valid and, therefore, he is entitled to benefits. He asks this court to issue a writ of habeas corpus so he can be personally present at a hearing before an Administrative Law Judge. He further seeks to proceed *in forma pauperis.*

I recommend that Plaintiff be granted permission to proceed *in forma pauperis* under

28 U.S.C. § 1915(a)(1) since he claims to have only 18 cents in his prison account. (I have not ascertained whether Plaintiff is under any filing restrictions, or how many prior "strikes" he has, or whether he should pay a partial filing fee).

However, I also recommend that the complaint be dismissed under 28 U.S.C. § 1915A. It is apparent that if Plaintiff is contesting the denial of benefits upon incarceration, then the complaint is untimely. If he intends by this action to reinstitute proceedings to seek benefits due to a void conviction, then it is apparent that he has neither begun proceedings with the Administration nor exhausted his administrative remedies. Another court in this circuit likewise dismissed a prisoner's complaint regarding benefits in similar circumstances. *See Haynes v. Apfel,* attached.

Wherefore, I recommend that Plaintiff be granted permission to proceed *in forma pauperis,* that no summons issue, and that this action be dismissed for failing to state a claim.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

2001 WL 194744
**(Cite as: 2001 WL 194744 (D.Kan.))**

H
Only the Westlaw citation is currently available.

United States District Court, D. Kansas.

Monty Ray HAYNES, Plaintiff,
v.
Social Security, Commissioner of, Kenneth S. APFEL, Defendant.
Monty Ray HAYNES, Plaintiff,
v.
Social Security, Commissioner of, Kenneth S. APFEL, Defendant.

**Nos. 00-3113-JWL, 00-3119-JWL.**

Feb. 26, 2001.

REPORT AND RECOMMENDATION

WALTER.

**\*1** Plaintiff, a state prisoner, proceeds pro se and in forma pauperis in these consolidated civil actions brought pursuant to 42 U.S.C. § 405(g). In the order granting plaintiff leave to proceed in forma pauperis, the court noted that plaintiff's consolidated complaints [FN1] were subject to screening by the court in accordance with 28 U.S.C. § 1915A. (Doc. 6). [FN2] This matter has been referred to the undersigned for all pretrial proceedings (Doc. 8) and is hereby reviewed pursuant to 28 U.S.C. § 1915A. § 1915A(b) provides that a claim should be dismissed on initial review if the claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

   FN1. The complaints in both cases are identical.

   FN2. All references to document numbers are those within Case No. 00-3113.

 This is an action, brought pursuant to 42 U.S.C. § 405(g), for review of the termination of disability benefits. Plaintiff seeks to recover Supplemental Security Income ("SSI") disability benefits for the period December 15, 1994 through at least January 1, 1997, (Doc. 1, ¶ 17(a)). § 405(g) provides that an individual may obtain review of a final decision of the Commissioner of Social Security "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." In order to confirm the date of the final decision of which plaintiff complains, a telephone conference was held on February 16, 2001. Plaintiff Monty Ray Haynes appeared and participated in the conference. [FN3] The procedural history of this case, as alleged by plaintiff (and further clarified at the February 16 conference [FN4], includes the following:

   FN3. There was no appearance by defendant inasmuch as defendant has not yet been served. Service of process in an *in forma pauperis* case is not ordered until screening pursuant to § 1915A is completed.

   FN4. See *Gee v. Estes,* 829 F.2d 1005 (10th Cir.1987)(approving methods other than Martinez Report to assist court in determining whether claims are frivolous or malicious).

(1) On December 15, 1994, plaintiff filed an application for SSI disability benefits. (Doc. 1 at ¶ 5).

(2) The application was initially denied in 1995. (Doc. 1 at ¶¶ 6 and 7).

(3) Following a hearing before ALJ Melvin B. Werner, the ALJ concluded that plaintiff was entitled to disability benefits. [FN5] Plaintiff further indicates he received disability benefits in January, February and March of 1996. [FN6]

> FN5. Plaintiff's complaint states the date of the ALJ decision was January 8, 1996. At the February 16 conference, plaintiff stated that the January 8, 1996 decision was that of the Appeals Council. Plaintiff maintains that both the ALJ and the Appeals Council found that plaintiff was entitled to disability benefits. The exact dates are not crucial to this decision other than to note these decisions preceded the termination notice.

> FN6. Plaintiff explains he was paroled in January of 1996, but reincarcerated in March of 1996.

(4) The adverse decision of which plaintiff complains was a March 8, 1996 notification that plaintiff's benefits were terminated . [FN7] Plaintiff alleges his benefits were terminated based upon a finding that alcoholism or drug addiction was a contributing factor material to the Commissioner's determination that plaintiff was disabled. (See Doc. 1 at ¶ 11-12).

> FN7. Plaintiff repeatedly asserts he received a final adjudication by the Commissioner before March 29, 1996. (See, e.g., Doc. 1 at ¶¶ 9 and 25).

(5) Plaintiff explained at the February 16 conference that he should have received notification that he had 90 days to contest the March 1996 denial notification, but that such notification was not provided. (See also Doc. 1 at ¶ 11). Plaintiff further explained he contacted Social Security in January of 1997 and requested an opportunity to present evidence to contest the termination notification, but was advised that the time to contest the decision had expired.

In 1996, the Social Security Act was amended. See Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 847. The amendments which pertain to this action foreclosed payment of disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Plaintiff questions application of the 1996 amendments to his previously-filed application for benefits. Plaintiff also argues he was entitled to an opportunity to contest the March 8, 1996 notification that his benefits would cease before his benefits were terminated and claims he could establish a disability notwithstanding any addiction. Plaintiff claims retroactive application of the amendments is unconstitutional and argues the denial of benefits deprived him of a statutorily created property interest without due process in violation of the Fifth Amendment.

§ 1915 review standards

 **\*2** Pursuant to § 1915A, the court is to review prisoner complaints which seek redress from a governmental entity or an officer or employee of a governmental entity. Upon such review, the court is to identify cognizable claims and dismiss any portion of the complaint which is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or which "seeks monetary relief from a defendant who is immune from such relief."

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

28 U.S.C. § 1915A(b). A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Sixty day limitations period for commencing civil action to review denial of benefits

"The sole statutory grant of district court jurisdiction to review a denial of social security benefits by the Secretary [FN8] is 42 U.S.C. § 405(g)." *Bartlett v. Schweiker,* 719 F.2d 1059, 1060 (10th Cir.1983). Any action contesting a denial of benefits must be commenced within sixty days after mailing of a notice of final decision, 42 U.S.C. § 405(g) and (h). Such private action may include review of any constitutional issues. See *Schweiker v. Chilicky,* 487 U.S. 412, 424 (1988).

> FN8. References to "secretary" instead of "commissioner" are found in cases prior to those governed by the Social Security Independence and Program Improvements Act of -, which transferred the functions of the Secretary of Health and Human Services in Social Security cases to the Commissioner of Social Security effective March 31, 1995.

42 U.S.C. § 405(g) provides:
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The final decision requirement of § 405(g) has two components:
  The first is jurisdictional and nonwaivable-a claim for benefits is presented to the [Commissioner]. The second is waivable-the claiming party exhaust all administrative remedies before requesting judicial review. *Heckler v. Day,* 467 U.S. 104, 110 n. 14, 104 S .Ct. 2249, 2253 n. 14, 81 L.Ed.2d 88, 95 n. 14 (1984); *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 763-65, 95 S.Ct. 2457, 2465-66, 45 L.Ed.2d 522 (1975); *Bartlett v. Schweiker,* 719 F.2d 1059, 1060- 61 (10th Cir.1983).
*McCauley v. Bowen,* 659 F.Supp. 292, 294 (D.Kan.1986).

A majority of courts (although no Tenth Circuit authority was found) have concluded a termination of benefits, especially coupled with an attempt to contest the termination, satisfy the nonwaivable requirement that the claim be presented to the Commissioner for determination. Alan G. Skutt, J.D., Annotation, When Is Claim Sufficiently Presented to Secretary of Health and Human Services to Permit Judicial Review under §§ 205(g) of Social Security Act (42 U.S.C.A. §§ 405(g)), 99 A.L.R. Fed. 198 (1990).

The question of whether plaintiff has exhausted his administrative remedies is questionable. A comprehensive review of exhaustion requirements, however, is not undertaken herein as it appears beyond question that plaintiff has failed to timely file this action within the limitations period of 42 U.S.C. § 405(g). See *Bowen v. City of New York,* 476 U.S. 467, 478 (1986)(affirming that sixty-day requirement within § 405(g) is a limitations period).

**\*3** Key to the instant review of plaintiff's complaints is plaintiff's repeated assertion that there had been a final adjudication by the commissioner before March 29, 1996. More specifically, the adverse decision of which plaintiff complains was a March, 1996

notification that plaintiff's benefits were terminated. Using March of 1996 as the beginning date for the limitations period, it is clear plaintiff has not timely filed this action.

Certainly, plaintiff did not file this action for review within sixty days of March 8, 1996. Even if there would be some basis upon which to toll the limitations period [FN9] based upon plaintiff's allegation that he was not specifically notified of the time to contest the termination decision, there is no reason to toll the limitations period beyond January of 1997. [FN10] It was not until 3 years later that plaintiff filed this action.

> FN9. The limitations period may be tolled when "the equities in favor of tolling ... are 'so great that deference to the agency's judgment is inappropriate.' " Bowen, 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)).

> FN10. Plaintiff explained at the telephone conference that he contacted the Social Security Administration in January of 1997 to request an opportunity to challenge the termination notice, but was told his request was out of time.

It is, therefore, recommended that plaintiff's action for review of the termination of his disability benefits be dismissed because it has not been timely filed in accordance with § 405(g). See *Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 640 n. 2 (11th Cir.1990)(claim may be dismissed as frivolous under § 1915 where affirmative defense of statute of limitations would defeat the claim); *Hawks v. Rardin,* 731 F.Supp. 1026 (D.Kan.1990) (dismissal of case, prior to service of process, appropriate where plaintiff filed action outside the statute of limitations).

[FN11]

> FN11. The tolling provision within K.S.A. 60-513(a)(4), as discussed in Hawks, is not applicable as this case does not require application of state statute of limitations. In any event, plaintiff has not been denied access to the court during the period of his incarceration as evidenced by plaintiff's litigation in Case No. 94-3328.

It appeared from the telephone conference that the factor motivating the filing of this action is plaintiff's expected release date toward the end of this year and plaintiff's desire to reestablish his entitlement to disability benefits before his release. [FN12] This is not a sufficient basis upon which to toll the limitations period. There is nothing, however, to preclude plaintiff from filing a new application for disability benefits.

> FN12. While plaintiff retains the ability to contest a social security decision while incarcerated, *Brue v. Heckler,* 709 F.2d 937, 938-39 (5th Cir.1983), he is not entitled to benefits during any month in which he is incarcerated. 42 U.S.C. § 402(x)(1)(A).

Americans with Disabilities Act

Plaintiff also seeks relief under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Title II makes it unlawful for a "public entity" to discriminate against a qualified individual with a disability. 42 U.S.C. § 12132. A public entity is defined as:

(A) Any State or local government;
(B) Any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

(C) The National Railroad Passenger Corporation and Commuter Authority.

42 U.S.C. § 12131. The ADA claim in this action is brought against Kenneth Apfel, Commissioner of Social Security. The defendant is not a public entity as defined by the ADA. "The language of the statute does not include federal executive agencies nor their secretaries as 'public entities.' " *Zingher v. Yacavone,* 30 F.Supp.2d 446, 452 (D.Vermont 1997). Plaintiff fails to state a claim for relief pursuant to the ADA against defendant Apfel.

### RECOMMENDATION

IT IS, THEREFORE, RESPECTFULLY RECOMMENDED that the plaintiff's complaints be dismissed because plaintiff fails to state a claim for relief under the ADA and plaintiff's challenges to the termination of his disability benefits are barred by the limitations period of 42 U.S.C. § 405(g).

**\*4** Any party objecting to the recommended disposition may serve and file with the clerk of the district court written objections within 10 days of service of this Report and Recommendation. [FN13] Any objection filed must specify the parts of the Report and Recommendation to which objections are made, and set forth the basis for such objections. See Fed.R.Civ.P. 72. Failure to timely file objections may constitute a waiver of a party's right to appeal. *Thomas v. Arn,* 474 U.S. 140 (1985) and *Soliz v. Chater,* 82 F.3d 373, 375 (10th Cir.1996).

> FN13. Any objections should be presented in a pleading entitled "Objections to Report and Recommendation" and filed with the clerk.

Copies of this Report and Recommendation shall be mailed to plaintiff. A courtesy copy shall also be mailed to the United States Attorney's Office for the District of Kansas.

2001188568

2001 WL 194744, 2001 WL 194744 (D.Kan.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
**(Cite as: 2001 WL 950244 (D.Kan.))**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.

Monty R. HAYNES, Plaintiff,
v.
Kenneth S. APFEL, Social Security Commissioner, Defendant.

**No. 00-3113-JWL.**

July 16, 2001.

MEMORANDUM AND ORDER

LUNGSTRUM.

**\*1** Plaintiff is a state prisoner who brings this action to challenge the Commissioner of the Social Security Administration's decision to terminate his disability benefits. [FN1] Plaintiff seeks reversal of the Commissioner's decision and a determination that the decision was discriminatory in violation of the Americans with Disabilities Act (ADA). In accordance with 28 U.S.C. § 1915A, the court referred the case to Magistrate Judge Walter to perform a preliminary screening of whether plaintiff's complaint presented any cognizable claims. Magistrate Judge Walter issued a Report and Recommendation on February 26, 2001 finding that no cognizable claims existed and opining that plaintiff's case should be dismissed in its entirety (Doc. 12). On March 9, 2001, plaintiff filed a timely objection to the Report and Recommendation (Doc. 13), which is now before the court. For the reasons discussed below, the court overrules plaintiff's objection, adopts the Report and Recommendation of the magistrate judge, and dismisses plaintiff's complaint in its entirety.

> FN1. Plaintiff proceeds pro se and in forma pauperis.

I. Background [FN2]

> FN2. The following facts are viewed in the light most favorable to plaintiff.

On January 8, 1996, the Commissioner of the Social Security Administration (SSA) issued a decision finding that plaintiff was suffering from ankylosing spondylitis, personality disorders, and substance addiction, which entitled him to Social Security disability benefits. Plaintiff received benefits in January, February, and March of 1996. [FN3] However, on March 8, 1996, the Commissioner notified plaintiff that his benefits were being terminated because a new amendment to the Social Security Act foreclosed payment "if alcoholism or drug addiction [was] ... a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

> FN3. Although an individual may not receive disability benefits during any month in which he is incarcerated, 42 U.S.C. § 402(x)(1)(A), plaintiff explains that he was paroled in January 1996 and not reincarcerated until March 1996.

Plaintiff brings the instant action to challenge the Commissioner's decision to terminate his benefits. Plaintiff asserts that he was not given notice, as required by the amendment,

that he had 120 days to seek a redetermination of his eligibility for disability benefits by establishing a disability notwithstanding any addiction. Plaintiff claims that the termination of benefits without notice of his right to seek a redetermination violated his Fifth Amendment due process and equal protection rights. Plaintiff further alleges that the termination violated the ADA because he was denied benefits based on a disability.

28 U.S.C. § 1915A requires the court to screen all civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental agency" to determine whether the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Pursuant to Fed.R.Civ.P. 72(b), the court referred this case to Magistrate Judge Walter to perform the initial screening. On February 26, 2001, Magistrate Judge Walter issued a Report and Recommendation opining that plaintiff's case should be dismissed in its entirety. First, without reaching the merits of plaintiff's claims for disability benefits, Magistrate Judge Walter found that plaintiff was barred from seeking review of the Commissioner's March 1996 decision by the 60 day statute of limitations found in 42 U.S.C. § 405(g). Second, Magistrate Judge Walter found that neither defendant Apfel, Commissioner of the SSA, nor the SSA itself, was a "public entity" subject to the mandates of the ADA, and, thus, plaintiff's ADA claim failed to state a claim upon which relief could be granted.

**\*2** On March 9, 2001, plaintiff filed a timely objection to the Report and Recommendation. While not contesting the magistrate's underlying legal findings, plaintiff objects to the magistrate's conclusion that the court should dismiss the case. First, plaintiff does not dispute the finding that the statute of limitations would typically bar the court's review of the Commissioner's termination of his disability benefits, but plaintiff argues that the limitations period should be equitably tolled. [FN4] Second, plaintiff does not dispute the finding that he has failed to state a claim under the ADA, but plaintiff asserts that, rather than dismiss his ADA claim, the court should grant him leave to amend his complaint.

> FN4. Plaintiff also re-asserts the merits of his disability claim, but the court will not address such arguments because it adopts the magistrate's finding that the claim is barred by the statute of limitations.

II. Standard of Review

The court reviews de novo those portions of the magistrate's report and recommendation to which written objections have been made. Fed.R.Civ.P. 72(b). Portions of the report and recommendation which have not been objected to are to be taken as true and judged on the applicable law. *See Campbell v. United States for the Northern Dist. of California, 501 F.2d 196, 206 (9th Cir.1974); see also Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir.1991)* (holding that "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The district court is afforded considerable discretion in determining what reliance it may place upon the magistrate judge's findings and recommendations. *See Andrews v. Deland, 943 F.2d 1162 (10th Cir.1991)* (citing *United States v. Raddatz, 447 U.S. 667 (1980)*). Upon receipt of the magistrate's report and recommendation, the court may accept, reject, or modify the magistrate's disposition. 28 U.S.C. 636(b)(1) (1994); Fed.R.Civ.P. 72(b).

III. Claim for Review of Commissioner's Decision Terminating Disability Benefits

Plaintiff brings this action to challenge defendant's March 1996 decision to terminate

plaintiff's social security disability benefits. Pursuant to 42 U.S.C. § 405(g), an individual may seek judicial review of a final decision of the Commissioner of the SSA by commencing a civil action "within sixty days after mailing to him of notice of such decision." As Magistrate Judge Walter correctly noted, plaintiff did not file his complaint until more than four years after receiving notice of the Commissioner's decision-significantly after the 60 day deadline. Plaintiff does not dispute the magistrate's finding that his complaint is untimely, but argues that the court should toll the limitations period and allow his complaint to stand. The court, in its discretion, declines to do so. [FN5] *See United States v. Clymore,* 245 F.3d 1195, 1198 (10th Cir.2001) ("[T]he application of equitable doctrines rests in the sound discretion of the district court.").

> FN5. The court does not address the separate issue of whether plaintiff has exhausted his administrative remedies as required by § 405(g). *See Bowen v. City of New York,* 476 U.S. 467, 482 (1986). Plaintiff does not object to the magistrate judge's finding that his exhaustion is questionable, and even if plaintiff has exhausted his administrative remedies, plaintiff's claim is barred by the 60 day statute of limitation.

The Supreme Court has declared that the 60 day requirement in § 405(g) "constitutes a period of limitations ... [which is subject to the] application of traditional equitable tolling principle[s]." *Bowen v. City of New York,* 476 U.S. 467, 478-480 (1986). Equitable tolling is to be used, however, only in rare cases where the equities in favor of tolling are compelling. *See id.* at 480-81.

**\*3** Federal courts have typically extended equitable relief only sparingly. We have [however] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990). In the Tenth Circuit, equitable tolling is typically permitted when the defendant's conduct rises to the level of active deception, when the plaintiff has been lulled into inaction by the defendant, and when extraordinary circumstances have prevented the plaintiff from filing his or her claim within the statutory period. *See Clymore,* 245 F.3d at 1199.

Applying these traditional equitable tolling principles, however, the court is convinced that tolling of the 60 day requirement is not appropriate in this instance. Construing plaintiff's pleadings liberally pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the only possible basis suggested for equitable tolling is the fact that defendant allegedly did not give plaintiff notice that he was entitled to seek a redetermination from the SSA of his eligibility for disability benefits within 120 days of defendant's decision terminating plaintiff's benefits. However, defendant's failure to give plaintiff notice of his administrative options does not speak to the reason why plaintiff did not timely pursue his judicial options. Moreover, even if the court were to toll the statute of limitations during the time period that plaintiff was possibly unaware of his right to seek a redetermination of disability, this time period would be no longer than ten months. Plaintiff admits that in January 1997, within ten months of receiving notice that the Commissioner had made a decision to terminate his benefits, plaintiff contacted the SSA and attempted to contest the termination of his benefits. As plaintiff's complaint is nearly four years delinquent, tolling the statute of limitations for ten months will not save his claim.

Plaintiff has provided the court with no indication that he has diligently pursued his federal claims over the past four years or that it was defendant's actions that have kept him from doing so. This is not one of the rare instances in which equity requires the tolling of the limitation period. Accordingly, the court adopts the recommendation of the magistrate judge and dismisses as time barred plaintiff's claim for review of the Commissioner's termination decision. As noted by Magistrate Judge Walter, however, nothing precludes plaintiff from seeking a new determination from the SSA that he is disabled and entitled to receive benefits following his expected release from prison at the end of this year.

IV. Claim for Relief under the ADA

Plaintiff also seeks relief under Title II of the ADA which makes it unlawful for a "public entity" to discriminate against a qualified individual with a disability. 42 U.S.C. § 12132. As Magistrate Judge Walter explained, Title II limits the definition of "public entity" to state or local governments, instrumentalities of state or local governments, and the National Railroad Passenger Corporation and Commuter Authority. 42 U.S.C. § 12131. Thus, the court finds that Magistrate Judge Walter correctly reported that neither defendant nor the SSA is a "public entity" subject to the prescriptions of the ADA. While not objecting to this finding, plaintiff asserts that, rather than dismiss his ADA claim, the court should grant him leave to amend his complaint. Plaintiff does not explain what changes he would make to his ADA claim in an amended complaint, and the court can foresee no changes which could make plaintiff's ADA claim viable. As an amendment would therefore be futile, the court adopts the recommendation of the magistrate judge and dismisses plaintiff's ADA claim for failure to state a claim on which relief may be granted. *See* DeSpain v. Uphoff, No. 99-8106, 2000 WL 1228003 (10th Cir. Aug. 10, 2000) (dismissal of prisoner complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A, is permissible prior to service on defendant and without affording plaintiff an opportunity to amend complaint); 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring court to dismiss an in forma pauperis complaint if, at any time, the court determines that the case fails to state a claim on which relief may be granted).

**\*4** IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's objection to the magistrate's Report and Recommendation (Doc. 13) is overruled. The findings and conclusions in the Report and Recommendation are adopted by the court, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

2001 WL 950244 (D.Kan.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works