IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH RUSSELL JUDD,
FOR PRESIDENT OF THE USA,

       Plaintiff,

v.                                                CIV 02-1441 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. The matter is before the court on Defendant's Motion To Dismiss, which I find well-taken and will grant. *Doc. 19.*

I have visited this matter on at least two prior occasions and issued written opinions. I incorporate those documents herein by reference. I finally ascertained that Plaintiff is claiming the following: after an agreed remand in January 1998, the Social Security Administration failed to hold a hearing on remand and, instead, denied Plaintiff benefits because Judd had since been incarcerated. To assure myself that I had all of the relevant information before me before disposing of this matter, I then ordered service to issue, so that the Administration could respond. *See Docs 5, 8.*

Because of the age of Plaintiff's original claim file, the Administration's file has been destroyed and there remain only computer records indicating what transpired after remand.

According to the affidavit submitted with Defendant's motion, Plaintiff's case was assigned after remand to an Administrative Law Judge in February 1998. On "October 27, 1998, the Administrative Law Judge issued a dismissal order based upon abandonment of the case [and] there has not been any further action by the Office of Hearings and Appeals since October 27, 1998." *Doc. 19,* Exh. A. Plaintiff apparently asserts that the "abandonment" resulted because counsel for Defendant in the prior matter told him she would arrange to have the remand hearing held in Midland, Texas, where he was incarcerated. However, Judd subsequently received nothing from the Administration. *See Docs. 7, 21.* The absence of the file is of no consequence and I will assume Plaintiff did not receive a copy of the dismissal, because this action will be dismissed for two independent reasons.

As I mentioned before, Plaintiff attempted to gain the same relief he seeks here in his prior action against the Administration. He filed a series of motions, the first on November 6, 1998, where he alleged that the "Administrative Law Judge has failed to conduct any further findings." He certified that he served a copy of this motion on the attorney who allegedly told him that she would schedule the hearing. *See Judd v. Chater,* CIV 97-111 SC (*Doc. 28)*; *see also Doc. 8* at 3. Because he had the opportunity to litigate these issues in the prior suit and was denied relief, Plaintiff is precluded from relitigating them here. *E.g., United States v. Botefuhr,* 309 F.3d 1263, 1282 (10th Cir. 2002) (elements of issue preclusion). Also, this action is barred by the applicable sixty-day limitation period for the reasons stated by Defendant.

Finally, Plaintiff's motion for a "default" judgment on the ground that Defendant cannot file a motion to dismiss in lieu of an answer is frivolous. *See Doc. 22.* Judd's attempt to relitigate a federal conviction from the Western District of Texas is equally frivolous. *See Doc. 16* at 1; *see*

*also Doc. 8* at 2 & n.1.  Finally, his motion requesting an "order" regarding a recommendation that was withdrawn is moot.  *Doc. 7.*

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motions (*Docs. 7, 16, 22*) are **DENIED**, Defendant's motion to dismiss (*Doc. 19*) is **GRANTED**, and a final order will enter concurrently herewith.

                                             *Karen B Molzen*
                                             UNITED STATES MAGISTRATE JUDGE
                                             Presiding by consent.